THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

SORENTO ON YESLER OWNER, LLC,


Debtor.

_____

YAMINAH ODDIE-JOHNSON,


Appellant,


v.


SORENTO ON YESLER OWNER, LLC,


Appellees.

DISTRICT COURT CASE NO.
C25-2217-JCC

ORDER ON BANKRUPTCY
APPEAL

BANKRUPTCY COURT CASE NO.
24-13217-CMA

ADV PROC. NO. 25-01081-CMA

This matter comes before the Court on Ms. Yamina Oddie-Johnson's appeal of the Bankruptcy Court's decision granting summary judgment to bankruptcy petitioner, Sorrento on Yesler Owner, LLC's ("Sorrento"), on Ms. Oddie-Johnson's claim in Sorrento's chapter 11 proceeding (Dkt. No. 1.) Having thoroughly considered the briefing in this matter (Dkt. Nos. 8, 9, 11, 12) and record transmitted (Dkt. Nos. 6, 7, 12), the Court AFFIRMS the Bankruptcy Court as explained herein.

ORDER ON BANKRUPTCY APPEAL
C25-2217-JCC
PAGE - 1

Ms. Oddie-Johnson, who lodged a proof of claim in Sorento's bankruptcy proceeding (Dkt. No. 12 at 108–110), now appeals the Bankruptcy Court's summary judgment ruling against her (*id.* at 91–95) on a complaint Sorento filed with that court seeking to disallow Ms. Oddie-Johnson's claim on invalidity grounds (*id.* at 6–9). (*See generally* Dkt. No. 1.)[1] The instant appeal is a narrow one. Ms. Oddie-Johnson solely contends here that she was not properly served with Sorento's underlying summary motion and/or notice for the resulting hearing on that motion, which was set before the Bankruptcy Court on October 23, 2025. (*See* Dkt. Nos. 8–10.) This, says Ms. Oddie-Johnson, violated her due process rights. (*Id.*) As described below, the argument is meritless.

District courts have jurisdiction to review a bankruptcy court's decisions. 9 U.S.C. § 16(a)(1)(A)–(B); 28 U.S.C. § 158(a)(1). This Court conducts *de novo* review of conclusions of law, *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016), and findings of fact are reviewed for clear error, *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). Thus, the Court accepts the Bankruptcy Court's findings of fact unless "the court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)).

Sorento, in response to Ms. Oddie-Johnson's appeal here, points to record evidence that Ms. Oddie-Johnson received full and adequate notice of its summary judgment motion to the Bankruptcy Court and the resulting hearing, (*see* Dkt. No. 12 at 56–59, 104), along with Ms. Oddie-Johnson opposition papers to that motion, which included *her own notice of that same hearing*, (*id.* at 60–84). To satisfy due process, a debtor must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action

---

[1] In that ruling, the Bankruptcy Court found the following: Ms. Oddie-Johnson was a leaseholder in the Sorento Flats Apartments, owned by Appellee here, Sorento; Ms. Oddie-Johnson fraudulently recorded a purported interest in that property to herself; and Ms. Oddie-Johnson then relied on that interest to assert an invalid claim in Sorento's chapter 11 proceeding. (*See* Dkt. No. 12 at 92–93.)

ADV PROC. NO. 25-01081-CMA
C25-2217-JCC
PAGE - 2

and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). This evidence easily meets this standard, along with that required under the bankruptcy rules for notice. *See* Fed. R. Bankr. P. 7005(b)(2)(C), (d)(1)(B); BrR 9013-1(c)(3)(B), (e)(1). On this basis, the Court must affirm the Bankruptcy Court's ruling, given the nature of the question posed to this Court. (*See* Dkt. Nos. 1, 8, 9.) Although had Ms. Oddie-Johnson raised the merits of the Bankruptcy Court's invalidity determination more generally, this Court would have affirmed that ruling as well, given the record presented.

For the foregoing reason(s), the Bankruptcy Court's decision is AFFIRMED. This matter is REMANDED to the Bankruptcy Court (as necessary).

DATED this 6th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ADV PROC. NO. 25-01081-CMA
C25-2217-JCC
PAGE - 3